CLERK'S COPY

FILED
U.S. DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

FEB 9 1999

CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PETER RAY ARAGON,

Plaintiff,

v.  No. CIV-98-1235 JP/JHG

NEW MEXICO DEPARTMENT OF CORRECTIONS,
ROB PERRY, SECRETARY OF CORRECTIONS,
JEFF SERNA, INTERSTATE COMPACT
COORDINATOR, N.M.D.C.,
JOHN SHANKS-WARDEN DIRECTOR OF
CLASSIFICATION N.M.D.C.,
RON LYTLE, WARDEN L.C.C. N.M.D.C.,
LUPE MARSHEL MARTINEZ, ASSOCIATE
WARDEN-L.C.C.-N.M.D.C.,
KEN KLINGER, WARDEN, OKLAHOMA
STATE REFORMATORY,
STACY BLISS-CASE MANAGER, OKLAHOMA
STATE REFORMATORY,
DIANE CEYPERT, UNIT MANAGER D-UNIT
OKLAHOMA STATE REFORMATORY,
OKLAHOMA STATE COMPACT
COORDINATOR UNKNOWN-GAYLE _____,

Defendants.

ENTERED ON DOCKET
2\11\99

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(2), (3), and (6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action ... is frivolous or malicious; [or] fails to state a claim upon



which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff was transferred from New Mexico to an Oklahoma correctional facility under the Interstate Corrections Compact ("ICC"), which governs the transfer of prisoners from one state to another. *See* N.M.Stat.Ann. § 31-5-17 (Repl. Pamp. 1984). Plaintiff asserts claims against Defendants in both states. He alleges that New Mexico officials transferred him in order to avoid a legal action he had filed in state court, thereby denying him access to New Mexico courts. He also alleges that no inspections of the Oklahoma facilities were conducted by New Mexico officials. Since Plaintiff's arrival in Oklahoma, certain of his personal belongings have been lost and he has been denied access to legal materials and mental health treatment, as well as procedural safeguards he had enjoyed in New Mexico. He is wrongly confined in a maximum security facility. The complaint contends that Defendants' actions have violated Plaintiff's rights under the ICC and the Constitution, and seeks damages and an order transferring him back to New Mexico.

Even under the rule of liberal construction of pro se pleadings, *Haines v. Kerner*, 404 U.S. 519, 520-21(1972); *Roman-Nose v. New Mexico Dep't of Human Services*, 967 F.2d 435, 436-37

(10th Cir. 1992), no relief can be granted on Plaintiff's claim that he was transferred "to avoid legal action." It is settled that "state and federal prisoners generally enjoy no constitutional right to placement in any particular penal institution." *Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 468 n.3 (10th Cir. 1992). Absent some prohibited reason for the transfer, such as discrimination or retaliation for the exercise of a constitutional right, the transfer itself cannot be challenged. *See id.; Frazier v. Dubois*, 922 F.2d 560, 561-62 (10th Cir. 1990). Plaintiff's conclusory assertion that his tranfer was related to his litigation activity is contradicted by his own statement in a supplemental exhibit to the complaint that New Mexico officials transferred him in order to avoid further confrontations resulting from his gang affiliation. (Ex. D attached to "Submission of Exhibits" filed Nov. 2, 1998). Plaintiff's claims against New Mexico Defendants resulting from his transfer will be dismissed.

Nor does the transfer support a claim of denial of access to the courts. This claim requires that Plaintiff "establish relevant actual injury," *Lewis v. Casey*, 518 U.S. 343, 351 (1996), resulting from officials' actively interfering with his attempts to prepare and file legal documents. *Id.* at 350. As stated by the Court of Appeals for the Tenth Circuit, "Plaintiff's bare allegation that his transfer caused the dismissal of his lawsuit, without showing why he could not prosecute the suit from his new location, does not establish a constitutional violation." *Herrera v. Cowley*, 89 F.3d 850 (Table, text in Westlaw), 1996 WL 315715, at \*\*2 (10th Cir. 1996). Even if Plaintiff does not enjoy as much time in the Oklahoma facility's law library as he did in New Mexico, his allegations do not support a claim for denial of access to the courts. *Lewis*, 518 U.S. at 351.

Plaintiff's claims against the Oklahoma Defendants will also be dismissed. This Court clearly has no jurisdiction of Oklahoma residents. *Stein v. New York Police Dep't*, 76 F.3d 393

(Table, text in Westlaw), 1996 WL 32135, at **1 (10th Cir. Jan. 29, 1996); *cf. Far West Capital, Inc., v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995) (diversity action). Nothing in the complaint indicates any connection between the Oklahoma Defendants and the State of New Mexico such that *in personam* jurisdiction could be properly exercised, although the Oklahoma Defendants could consent to this Court's jurisdiction. Furthermore, venue is improper in this district, 28 U.S.C. § 1391(b); *see Flanagan v. Shively*, 783 F. Supp. 922, 935 (M.D. Pa.), *aff'd*, 980 F.2d 722 (3d Cir. 1992), *cert. denied*, 510 U.S. 829 (1993); *Robinson v. Love*, 155 F.R.D. 535, 536 n.1 (E.D. Pa. 1994). Under these circumstances, claims against the Oklahoma Defendants could be dismissed or the case could be transferred to Oklahoma under 28 U.S.C. § 1406(a) and Fed.R.Civ.P. 12(b)(2) & (3). *Robinson*, 155 F.R.D. at 536 n.1. Accordingly, claims against the Oklahoma Defendants will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's claims are DISMISSED, and an order of dismissal shall be entered in accordance with this opinion.

*[signature]*
UNITED STATES DISTRICT JUDGE

FILED
U.S DISTRICT COURT
ALBUQUERQUE NEW MEXICO
FEB 9 1999
[signature]
CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

PETER RAY ARAGON,

Plaintiff,

ENTERED ON DOCKET
2\11\99

v.

No. CIV-98-1235 JP/JHG

NEW MEXICO DEPARTMENT OF CORRECTIONS,
ROB PERRY, SECRETARY OF CORRECTIONS,
JEFF SERNA, INTERSTATE COMPACT
COORDINATOR, N.M.D.C.,
JOHN SHANKS-WARDEN DIRECTOR OF
CLASSIFICATION N.M.D.C.,
RON LYTLE, WARDEN L.C.C. N.M.D.C.,
LUPE MARSHEL MARTINEZ, ASSOCIATE
WARDEN-L.C.C.-N.M.D.C.,
KEN KLINGER, WARDEN, OKLAHOMA
STATE REFORMATORY,
STACY BLISS-CASE MANAGER, OKLAHOMA
STATE REFORMATORY,
DIANE CEYPERT, UNIT MANAGER D-UNIT
OKLAHOMA STATE REFORMATORY,
OKLAHOMA STATE COMPACT
COORDINATOR UNKNOWN-GAYLE _____,

Defendants.

## ORDER OF DISMISSAL

This matter having come before the Court sua sponte to review Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(2), (3), and (6); Plaintiff being incarcerated, appearing pro se and proceeding in forma pauperis; and the Court having entered a memorandum opinion and order this date dismissing Plaintiff's claims,

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants New Mexico Department of Corrections, Perry, Serna, Shanks, Lytle, and Martinez are DISMISSED with



prejudice; claims against Defendants Klinger, Bliss, Ceypert, and Unknown-Gayle are DISMISSED without prejudice to Plaintiff's right to assert such claims in an appropriate forum; and the complaint and this action are DISMISSED.

/s/ James A. Parker
UNITED STATES DISTRICT JUDGE